# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTOPHER CONLON** )<br>        **Plaintiff**           )<br>                              )<br>**V.**                          )<br>                              )<br>**STAR LLC**                   )<br>        **Defendant**         )<br>_____ ) | **Civil Action**<br><br>**No. _____** |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.      The Plaintiff, Christopher Conlon, is a resident of New Bedford, County of Bristol, Commonwealth of Massachusetts.

2.      The Defendant, Star LLC, is a foreign corporation, organized and existing under the laws of the State of Texas.

3.      On or about January 19, 2021, the Defendant, Star LLC, was doing business within the Commonwealth of Massachusetts.

4.      On or about January 19, 2021, the Plaintiff, Christopher Conlon, was employed by the Defendant, Star LLC

5.      On or about January 19, 2021, the Plaintiff, Christopher Conlon, was employed by the Defendant, Star LLC, as a seaman, and a member of the crew of the F/V PAMELA ANN.

6.      On or about January 19, 2021, the Defendant, Star LLC, owned the F/V

PAMELA ANN.

7.     The Defendant, Star LLC, chartered the F/V PAMELA ANN from some other person or entity such that on or about January 19, 2021 the Defendant, Star LLC was the owner pro hac vice of the F/V PAMELA ANN.

8.     On or about January 19, 2021, the Defendant, Star LLC, operated the F/V PAMELA ANN.

9.     On or about January 19, 2021, the Defendant, Star LLC, or the Defendant's agents, servants, and/or employees, controlled the F/V PAMELA ANN.

10.    On or about January 19, 2021, the F/V PAMELA ANN was in navigable waters.

11.    On or about January 19, 2021, while in the in the performance of his duties in the service of the F/V PAMELA ANN, the Plaintiff, Christopher Conlon, sustained personal injuries.

12.    Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Christopher Conlon, was exercising due care.

### Jurisdiction

13.  This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and alternatively 28 U.S.C. §§ 1332 and 1333.

## COUNT I

### Christopher Conlon v. Star LLC

### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, Christopher Conlon, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, Christopher Conlon, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, Christopher Conlon, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Christopher Conlon, demands judgment against the Defendant, Star LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Christopher Conlon v. Star LLC

### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

19.     The Plaintiff, Christopher Conlon, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.     The personal injuries sustained by the Plaintiff, Christopher Conlon, were due to no fault of his, but were caused by the Unseaworthiness of the F/V PAMELA ANN.

21.     As a result of said injuries, the Plaintiff, Christopher Conlon has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Christopher Conlon, demands judgment against the Defendant, Star LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Christopher Conlon v. Star LLC

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, Christopher Conlon, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Christopher Conlon, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Christopher Conlon, demands judgment against the Defendant, Star LLC, in the amount of $200,000 for maintenance and cure, together with costs and interest.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II AND III.**

Respectfully submitted for the
the Plaintiff, CHRISTOPHER CONLON,
by his attorney,


/c/ Carolyn M. Latti
Carolyn M. Latti
BBO #567-394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Dated: September 20, 2021